IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

IN RE:

CAMERON M PERONI

Case No. 22-40667
Chapter 7

Debtor(s)

**AFFIDAVIT OF ATTORNEYS IN SUPPORT OF TRUSTEE'S
APPLICATION TO APPROVE EMPLOYMENT OF ATTORNEYS**

STATE OF TEXAS §
§
COUNTY OF DALLAS §

I, Mark A. Weisbart, being first duly sworn, under oath, state:

1. "I am an attorney in the law firm of Hayward PLLC (the "Firm") located at 10501 N Central Expy, Suite 106, Dallas, Texas 75231.  In that capacity I am authorized to execute this Affidavit and I have personal knowledge of the facts stated herein and they are true and correct.

2. This Affidavit is prepared in connection with the Trustee's Application To Approve Employment of Attorneys in which the Trustee seeks authority to employ himself, his staff and the Firm as his attorneys in this case pursuant to 11 U.S.C § 327.

3. The Firm has not been contacted to represent any of the Debtor's creditors and is itself not a creditor of the Debtor.

4. The Firm has determined that it has not represented any creditors or related entities in matters related to this bankruptcy case.  The Firm in the ordinary course of its business, may have represented from time to time entities or individuals which are creditors of the Debtor in unrelated matters.  To the best of the Trustee's knowledge, the Firm has no connection with the

Debtor, the creditors, any other party-in-interest or their respective attorneys, and accountants, the United States Trustee or any person employed in the Office of the United States Trustee.

5. Based on the foregoing, the Firm believes that it has no adverse interest to the Debtor or to the bankruptcy estate in matters for which it is engaged for the Trustee and that its employment will be in the best interest of this estate. Further, the Firm believes that it has fully complied with the requirements of 11 U.S.C. § 327 and is a "disinterested person" as set forth in such section and that no conflict of interest arises from its employment as Trustee's counsel. Finally, the Firm has never served as an examiner for the Debtor.

6. The Firm represents that the foregoing constitutes a complete and full disclosure of all prior and current representation of clients which have any connection to this case, and that it has done everything within its power to discover any conflicts. However, the Firm reserves the right to supplement and amend this Affidavit should it discover further information concerning its past and present representation of clients which relates to the Debtor, its creditors and other parties-in-interest, or in any other way is related to this case.

7. The professional services of the Firm will include those identified in the Application and may include services generally performed by counsel for a bankruptcy trustee, such as assisting in the administration of the case, evaluating and pursuing avoidance actions, prosecuting claim objections, investigating into the acts, conduct, assets, liabilities, and financial condition of the Debtor, drafting pleadings, and performing other litigation functions.

8. To the best of my knowledge, the information contained herein is true and accurate."

_____
MARK A. WEISBART
HAYWARD PLLC

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF DALLAS | § |

BEFORE ME, the undersigned Notary Public, on this day personally appeared Mark A. Weisbart, known to me to be the duly authorized agent for the person whose name is subscribed to the foregoing Affidavit, and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

SUBSCRIBED TO AND SWORN TO BEFORE ME this 22nd day of July, 2022.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal.

_____
NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS

My Commission Expires:



TARAH M. SIMMONS
Notary Public, State of Texas
Comm. Expires 11-21-2024
Notary ID 126731205