IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| In re: § | |
| § | Case No. 22-40667 |
| **CAMERON M. PERONI,** § | |
| § | Chapter 7 |
| Debtor. § | |

### *EX PARTE* MOTION TO REOPEN CASE

Cameron M. Peroni, the prior debtor in the above-referenced case (the "Debtor") hereby files this Ex Parte *Motion to Reopen Case* (the "Motion") so that the case may be reopened to allow the Debtor to file Official Form 423. In support of this Motion, the Debtor respectfully states as follows:

### BACKGROUND

1. On May 27, 2022, the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Chapter 7 Case").

2. On April 23, 2024, the Court closed the Chapter 7 Case. The docket text states that "[d]espite proper notice of the requirement, [] Debtor has failed to file Official Form 423 – Debtor's Certification of Completion of Instructional Course Concerning Personal Financial Management."

3. Prior to the close of this Chapter 7 Case, the Debtor's undersigned counsel transferred law firms and did not remind the Debtor of his responsibilities to take the postpetition financial management course (the "Financial Management Course").

## ARGUMENT AND AUTHORITIES

4. The relevant authority for such a request is Rule 1007(b)(7), (c) and 9006(b)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). First, Bankruptcy Rule 1007(b)(7) provides:

> (3) Unless the United States trustee has determined that the credit counseling requirement of § 109(h) does not apply in the district, an individual debtor must file a statement of compliance with the credit counseling requirement, prepared as prescribed by the appropriate Official Form which must include one of the following:
>
> > (A) an attached certificate and debt repayment plan, if any, required by § 521(b);
> >
> > (B) a statement that the debtor has received the credit counseling briefing required by § 109(h)(1) but does not have the certificate required by § 521(b);
> >
> > (C) a certification under § 109(h)(3); or
> >
> > (D) a request for a determination by the court under § 109(h)(4).

FED. R. BANKR. P. 1007(b)(7).

5. Bankruptcy Rule 1007(c) provides the relevant time limits. The rule provides in relevant part,

> . . . In a chapter 7 case, the debtor shall file the statement required by subdivision (b)(7) within 60 days after the first date set for the meeting of creditors under § 341 of the Code, . . . . The court may, at any time and in its discretion, enlarge the time to file the statement required by subdivision (b)(7). . . . Except as provided in § 1116(3), any extension of time to file schedules, statements, and other documents required under this rule may be granted only on motion for cause shown and on notice to the United States trustee, any committee elected under § 705 or appointed under § 1102 of the Code, trustee, examiner, or other party as the court may direct. Notice of an extension shall be given to the United States trustee and to any committee, trustee, or other party as the court may direct.

FED. R. BANKR. P. 1007(C) (emphasis added). Rule 9006, dealing with enlargements of time, further directs a debtor to the time limitations set forth in Rule 1007(c). Specifically, subsection (b)(3) states,

> (3) Enlargement governed by other rules
> The court may enlarge the time for taking action under Rules 1006(b)(2), 1017(e), 3002(c), 4003(b), 4004(a), 4007(c), 4008(a), 8002, and 9033, only to the extent and under the conditions stated in those rules. In addition, the court may enlarge the time to file the statement required under Rule 1007(b)(7), and to file schedules and statements in a small business case under § 1116(3) of the Code, only to the extent and under the conditions stated in Rule 1007(c).

FED. R. BANKR. P. 9006(C).

6.	In this case, there is cause to reopen the Debtor's Chapter 7 Case because the undersigned counsel failed to remind the Debtor of his obligations to take the Financial Management Course after his transition to a different law firm. Had the undersigned counsel reminded the Debtor of his obligations, the Debtor would have timely taken the Financial Management Course.

7.	Attached to this application is a copy of Official Form 423 that the Debtor will immediately file upon the reopening of this Chapter 7 Case.

8.	Reopening this case by *ex-parte* application for the purpose of filing Official Form 423 and seeking discharge is authorized under 11 U.S.C. § 350(b).

9.	Upon the opening of the Chapter 7 Case, the Debtor requests that the United States Trustee appoint a chapter 7 trustee.

## CONCLUSION

WHEREFORE PREMISES CONSIDERED, the Debtor prays that the above-entitled case be reopened for the purpose of permitting the Debtor to file Official Form 423 and moves the Court for a discharge in this Chapter 7 Case.

| | |
|---|---|
| Dated: May 29, 2024. | Respectfully submitted,<br><br>*/s/ Brandon J. Tittle*<br>Brandon J. Tittle<br>Texas Bar No. 24090436<br>**TITTLE LAW GROUP, PLLC**<br>5465 Legacy Dr., Ste. 650<br>Plano, Texas 75024<br>Telephone: 972.731.2590<br>Email: btittle@tittlelawgroup.com<br><br>**COUNSEL FOR PRIOR DEBTOR** |

## **CERTIFICATE OF SERVICE**

   I, the undersigned, hereby certify that, on May 29, 2024, I caused to be served the foregoing pleading upon interested parties via the Court's electronic transmission facilities to those parties accepting such service and via United States mail, first class delivery to the following party:

United States Trustee
Office of the U.S. Trustee
110 N. College Ave.
Suite 300
Tyler, TX 75702
(903) 590-1450

                */s/ Brandon J. Tittle*
                Brandon J. Tittle